1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JOHN COX, CASB No. 197687
   john.cox@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California 94133
5  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
6
   Attorneys for Defendant
7  HAPAG-LLOYD (AMERICA) INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   Estate of REGINALD ROSS, deceased,   )  Case No: CV-03989-JCS
12                                      )
                        Plaintiff,      )
13                                      )  **DEFENDANT HAPAG-LLOYD**
              vs.                       )  **(AMERICA) INC.'S ANSWER TO**
14                                      )  **PLAINTIFF'S COMPLAINT**
   M/V STUTTGART EXPRESS, HAPAG         )
15 LLOYD (AMERICA) INC., HAPAG          )
   LLOYD AKTIENGESELLSCHAFT, and        )
16 DOES 1 through 10, Inclusive,        )
   Defendant.                           )
17                                      )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20 _____)

21         Defendant HAPAG-LLOYD (AMERICA) INC. ("Defendant") hereby
22 responds to Plaintiff's Complaint as follows:
23
24         In response to the first unnumbered paragraph of the Complaint,
25 Defendant denies that Hapag-Lloyd (America) Inc. or Hapag-Lloyd Aktiengesselschaft
26 are the owners of the MV STUTTGART EXPRESS or that Hapag-Lloyd
27 Aktiengesselschaft does business as Hapag-Lloyd (America) Inc.
28         1.    In response to the first unnumbered paragraph of Part I of the

- 1 -                                                            KYL_SF465726

DEFENDANT HAPAG LLOYD (AMERICA) INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT – Case No. CV-03989-JCS

1  Complaint, Defendant states that it has insufficient information to admit or deny
2  allegations of the identity of the Plaintiff or the identity of others on whose behalf the
3  suit has been brought and therefore based upon its lack of information and belief
4  Defendant denies those allegations. Defendant admits that on September 24, 2007
5  Hapag-Lloyd AG was the manager of the M/V STUTTGART EXPRESS. Defendant
6  denies, in their entirety, the remaining allegations set forth therein.

7        2.     Defendant denies the allegations contained in Part I, Paragraph 2,
8  Part IV, Paragraphs 2, 3, and 4, 4(a), 4(b), 4(c), 4(d), 4(e), 4(f), 4(g), and Part V, Plaintiff's
9  Complaint.

10        3.     In response to Part I, paragraph 1 of the Complaint Defendant
11  admits that Hapag-Lloyd AG manages vessels which call on the Port of Oakland,
12  California. All other allegations contained therein are denied.

13        4.     In response to Part II of the Complaint, Defendant admits that this
14  Court has jurisdiction over the subject matter of the Plaintiff's Complaint and in
15  personam jurisdiction over the Defendants Hapag-Lloyd (America) Inc. and Hapag-Lloyd
16  Aktiengesellschaft. Defendant denies all other allegations contained therein.

17        5.     In response to Part III of the Complaint Defendant admits that the
18  alleged incident occurred in Oakland, California. Defendant further admits that venue
19  in this Court is proper.

20        6.     In response to Part IV, Paragraph 1 of the Complaint, Defendant
21  admits that the MV STUTTGART EXPRESS was located in the Port of Oakland on
22  September 24, 2007 and that a person suffered an injury onboard the M/V STUTTGART
23  EXPRESS that day. Defendant has insufficient information to respond to allegations
24  concerning the employment of any longshore workers onboard the M/V STUTTGART
25  EXPRESS on September 24, 2007 and therefore based upon its lack of information and
26  belief Defendant denies all such allegations. Defendant denies all other allegations
27  contained therein.
28

DEFENDANT HAPAG LLOYD (AMERICA) INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT – Case No. CV-03989-JCS

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's unverified Complaint fails to state a claim against these Answering Defendants upon which relief can be granted.

### Second Affirmative Defense

Any and all claims, and remedies are governed by the Longshore and Harborworkers' Compensation Act, 33 U.S.C. § 901 *et seq.*

### Third Affirmative Defense

If Plaintiff has suffered any of the injuries or damages alleged in the Complaint, such injuries or damages were caused, in whole or in part or were contributed to, by the negligence of the decedent and his negligence is imputed to Plaintiff.

### Fourth Affirmative Defense

Decedent and/or his Employer were aware of and/or capable of avoiding all of the risks and dangers involved in the undertaking in which the decedent was engaged at the time and place of the accident and knowingly and willingly undertook and assumed those risks, thereby barring claims by Plaintiff here.

### Fifth Affirmative Defense

This Answering Defendant claims the benefit of each and every provision of 46 U.S.C. § 183, including, but not limited to, those provisions limiting the defendants' liability for loss of life or bodily injury to the value of the M/V STUTTGART EXPRESS.

### Sixth Affirmative Defense

Decedent's alleged accident and death were caused by supervening and/or intervening events over which this Answering Defendant had no control.

### Seventh Affirmative Defense

Plaintiff's claims for non-economic damages are barred by the law

- 3 -   KYL_SF465726
DEFENDANT HAPAG LLOYD (AMERICA) INC.'S ANSWER TO PLAINTIFF'S COMPLAINT – Case No. CV-03989-JCS

1  applicable to this claim.

## Eighth Affirmative Defense

If and to the extent that this Answering Defendant may be held liable for any damages or loss, it is entitled to indemnity, contribution and/or apportionment of fault by reason of the negligence or other fault of others, as appropriate in light of the evidence produced at trial.

## Ninth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and laches.

## Tenth Affirmative Defense

Any injury to Plaintiff as alleged in Plaintiff's Complaint was caused or contributed to by persons other than this Answering Defendant, including Plaintiff, and in the event any negligence of Answering Defendant is found to have contributed to any such injury, Plaintiff's recovery, if any, from Answering Defendant is limited to that percentage of Plaintiff's damages which is equal to the percentage by which Answering Defendant's negligence contributed to such injury.

## Eleventh Affirmative Defense

Pursuant to Civil Code section 1431 *et seq.* if any fault is found on the part of Answering Defendant, then Answering Defendant's liability for non-economic loss to Plaintiff is no greater than the percentage of said damages which equals the percentage of fault attributable to Answering Defendant. See Hernandez v. Badger Constr. Equip., 28 Cal. App. 4th 1791, 34 Cal. Rptr. 2d 732 (1995).

## Twelfth Affirmative Defense

If Plaintiff suffered any of the injuries or damages alleged in the Complaint, such injuries or damages were caused by other defendants or third parties not named in this lawsuit.

## Thirteenth Affirmative Defense

Defendant is not now, and never has been, the owner, operator or manager

DEFENDANT HAPAG LLOYD (AMERICA) INC.'S ANSWER TO PLAINTIFF'S COMPLAINT – Case No. CV-03989-JCS

of the MV STUTTGART EXPRESS

### Fourteenth Affirmative Defense

Answering Defendant reserves its right to amend its answer and assert additional affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Answering Defendant's undertaking of discovery and investigation into this matter.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;
2. That Plaintiff's Complaint be dismissed with all costs to be taxed against Plaintiff, including reasonable attorney's fees as may be allowed by case or statutory authority and/or agreement of the parties; and
3. For such other and further relief as the Court deems just and proper.

DATED: August 26, 2008

/s/ John Cox
JOHN D. GIFFIN
JOHN COX
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
HAPAG LLOYD (AMERICA) INC.

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years, and I am not a party to the within action. My business address is Four Embarcadero Center, Suite 1500, San Francisco, CA 94111, and my telephone number is (415) 398-6000.

On the date indicated below, I served a true copy of the following document(s):

**DEFENDANT HAPAG-LLOYD (AMERICA) INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ **BY E-MAIL:** I caused such document(s) to be served electronically on all parties via the United States District Court's Northern District ECF e-filing system.

☒ Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by section 42202 of the Public Resources Code.

Executed on August 26, 2008 at San Francisco, California.

K'Ann M. Klein