UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF REGINALD ROSS,<br><br>Plaintiffs,<br><br>v.<br><br>M/V STUTTGART EXPRESS, ET AL,<br><br>Defendants. | Case No. C-08-03989 JCS<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS [Docket Nos.104, 111]** |

This maritime action involves allegations that a shipowner is responsible for the death of a longshoreman, Reginald Ross, who was fatally injured aboard the M/V Stuttgart Express while it was docked in Oakland, California. The purported wife of Reginald Ross, Glenda Ross, and their minor children, Gloria and Reyanne Ross, and the estate of Reginald Ross (hereafter "Plaintiff") filed suit under section 5(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), alleging negligence of the shipowner, which caused the death of Reginald Ross.

Sometime during the course of this litigation, Plaintiffs learned that Glenda Ross was in fact the sister of the deceased, Reginald Ross, not the mother of his children. As a result, Plaintiffs have filed a Motion for Leave to File First Amended Complaint in order to correct this deficiency in the original Complaint.[1] Defendants oppose the Plaintiffs' Motion and bring a Motion to Dismiss seeking dismissal of all of Plaintiffs' claims. All parties have consented to the jurisdiction of a United States magistrate judge, pursuant to 28 U.S.C. § 636(c). A hearing was held on September 16, 2011 at which counsel for the parties appeared.

---

[1] Plaintiffs also seek amendment in order to add additional detail to the negligence allegations of the Complaint.

For the reasons stated on the record, the Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE. Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART as follows:

1)  Plaintiffs may amend their complaint to allege that Glenda Ross sues as guardian ad litem on behalf of Mr. Ross's minor child, Gloria Ross;

2)  Plaintiffs may amend their complaint further to clarify that Reyanne Ross who is no longer a minor, sues in her own right;

3)  Plaintiffs' Motion to Amend is DENIED in all other respects;

Plaintiffs shall file their First Amended Complaint within ten (10) days of the date of the hearing in this matter, and Plaintiffs shall file a motion to appoint Glenda Ross as guardian ad litem within fourteen (14) days of the hearing in this matter. Further, on or before November 18, 2011, Plaintiffs shall file a notice disclosing both of the following:

1)  whether Plaintiffs believe that they are entitled under the remaining causes of action to recover for emotional distress and pain and suffering of the decedent; and

2)  whether they are seeking such a recovery.

Finally, the Court reiterates that it has previously dismissed all claims of the Estate of Reginald Ross including all claims by anyone purporting to sue on behalf of Reginald Ross, and has dismissed the personal claims of Glenda Ross.

IT IS SO ORDERED.

Dated: September 16, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge