**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENDA ROSS as guardian *ad litem* of the
minor child of REGINALD ROSS, deceased,
GLORIA ROSS, and REYANNE ROSS,
individually,

        Plaintiffs,

    v.

M/V STUTTGART EXPRESS, et. al.,

        Defendants.

_____/

No. C-08-3989 JCS

**COURT'S PROPOSED FINAL JURY INSTRUCTIONS**

Dated: April 24, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge

1

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury.  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**IDENTIFICATION OF PARTIES AND CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties at trial.

The Plaintiffs claim that the Defendants' negligence accused the death of Reginald Ross, and that the Plaintiffs are entitled to recover damages as a result.  The Plaintiffs have the burden of proving these claims.

The Defendants deny those claims and also contend that Mr. Ross's own negligence caused his death.  The Defendants bear the burden of proving that Mr. Ross was negligent.

The Plaintiffs deny that Mr. Ross was negligent.

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 4**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 5.**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.     The sworn testimony of any witness;

      2.     The exhibits which are received into evidence; and

      3.     Any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 6.**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 7.**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only.  As I instructed you during the trial, you may consider that evidence only for the limited purpose I described to you during the trial.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 8.**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 9.**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 10.**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness' memory;

3.      The witness' manner while testifying;

4.      The witness' interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness' testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 11.**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY INSTRUCTION NO. 12.**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. 13.**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JURY INSTRUCTION NO. 14.**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any such witness should be discredited.  Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 15.**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 16.**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying  evidence deserves.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 17.**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 18.

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the clerk.) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such

materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not

copy any such data.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  19.**

**EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

    1.  The expert's training and experience;

    2.  The facts the expert relied on; and

    3.  The reasons for the expert's opinion.

**JURY INSTRUCTION NO.  20.**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 21.**

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**JURY INSTRUCTION NO.  22.**

**CORPORATE DEFENDANTS**

The law considers a corporation as though it were an individual.  In a suit against a corporation, you must consider and decide the case as you would between persons of equal stations in life. Corporations are entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law.

**JURY INSTRUCTION NO.  23.**

**EFFECT OF LAWSUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that this person is entitled to a judgment. Anyone may make a claim, and the fact of making that claim does not in any way tend to establish that claim, and is not evidence.  Injury alone does not raise a presumption of negligence. In this case, the Plaintiffs must prove the liability of the Defendants by a preponderance of the evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  24.**

**LIABILITY**

Because the decedent Reginald Ross was a longshore worker at the time of his service on board the M/V STUTTGART EXPRESS, you must determine whether the Mr. Ross's injuries were caused in whole or in part by the negligence of the Defendants, the owners of the vessel. In order to recover, the Plaintiffs must establish by a preponderance of the evidence:

    1) That the Defendants were negligent;

    2) That such negligence was a legal cause of Mr. Ross's injury; and

    3) That the Plaintiffs are entitled to recover damages.

Negligence is the failure to exercise reasonable care under the circumstances.  Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is actionable only where it is both a cause in fact and a legal cause of the injury. Legal cause requires a proximate relation between the actions of the Defendants and the harm which occurs, if any, and such relation must be substantial in character.  A proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred.

The Defendants contend that the decedent Reginald Ross was negligent and that such negligence was a legal cause of his own injury.  Mr. Ross had a duty to exercise reasonable care to protect himself from injury.  To be successful in this defense, the Defendants bear the burden of proving that Mr. Ross was negligent.  The Defendants must establish by a preponderance of the evidence:

    1) That Mr. Ross was negligent; and

    2) That such negligence was a legal cause of Mr. Ross's own injury.

If you find that the Defendants were negligent, but that Mr. Ross was also negligent, then the Plaintiffs will not be barred from recovery, but their recovery will be reduced by the percentage of Mr. Ross's negligence. If you find that the accident was due partly to the fault of Mr. Ross, that Mr. Ross's own negligence was responsible for the injury, then you must indicate the percentage of his own fault as your finding on the special verdict form. Your finding that Mr. Ross was negligent does not prevent the Plaintiffs from recovering, but reduces the Plaintiffs' total damages by Mr. Ross's percentage of negligence.

**United States District Court**
For the Northern District of California

27

**JURY INSTRUCTION NO.  25.**

**TURNOVER DUTY**

A vessel owes to longshoremen, like Mr. Ross, certain duties of exercising due care under the circumstances, and one of those duties owed by the shipowner to the longshoremen is called the "turnover duty."  The turnover duty has two components.

First: A vessel must turn over the ship and its equipment and appliances in such condition that an expert and experienced stevedoring contractor, mindful of the dangers he should reasonably expect to encounter, will be able, by the exercise of ordinary care, to carry on cargo operations with reasonable safety to persons and property.

Second: The vessel must warn the stevedore of any hazards on the ship, or hazards associated with the ship's equipment, so long as:

> A. The hazard or hazards are known to the vessel or should be known to it in the exercise of reasonable care, and

> B. Would likely be encountered by the stevedore in the course of his cargo operations, and,

> C. Are not known by the stevedore, and would not be obvious to or anticipated by him if reasonably competent in the performance of his work.

Even if the hazard was one about which the stevedore knew, or which would be obvious or anticipated by a reasonably competent stevedore, the Defendants must exercise reasonable care to avoid the harm to the longshoreman if the hazard was one which the Defendants knew or should have known the stevedore would not or could not correct or avoid.

**JURY INSTRUCTION NO.  26.**

**DUTY TO INTERVENE**

The standard of care which the Defendant vessel owners owe to the longshoreman after the stevedore begins its operations on the vessel is different from the turnover duty. The Defendant vessel owners do not have a duty to supervise the stevedore or its longhoreman employees during cargo operations.  If, however, after the stevedore begins its operations on the vessel, the Defendant vessel owners learn that an apparently dangerous condition existed (including a condition which existed before the stevedore began its operations) or has developed in the course of those operations, the Defendant vessel owners must use reasonable care to intervene to protect the longshoreman against injury from that condition only if the stevedore's judgment in continuing to work in the face of such a condition was so obviously improvident that the Defendants should have known that the condition created an unreasonable risk of harm to the longshoreman.

In determining whether the stevedore's judgment is "so obviously improvident" that the Defendants should have intervened, you may consider that the Defendants are entitled to assume that the stevedore, and its longshoreman employees, will see and observe that which would be obvious through a reasonably expected use of an ordinary person's senses.

The Defendants do not have a duty to give the stevedore or its longshoreman employees notice of an obvious danger or a danger that would be apparent to a reasonably prudent person exercising ordinary care under the circumstances.

**JURY INSTRUCTION NO. 27.**

**RE: COMPENSATORY DAMAGES - PROOF/MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the Plaintiffs on any of their claims, you must determine the Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants. You should consider the following:

The amount of damages must include an award for each item of harm that was caused by Defendants wrongful conduct, even if the particular harm could not have been anticipated.

The Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages. The Plaintiffs claim the following noneconomic damages:

1) The loss of Reginald Ross's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

2) The loss of Mr. Ross's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for those damages. In determining the amount of the Plaintiffs' loss, do not consider:

1) The Plaintiffs' grief, sorrow, or mental anguish;

2) Reginald Ross's pain and suffering; or

3) The poverty or wealth of the Plaintiffs.

In computing these damages, consider the losses suffered by all the Plaintiffs and return a verdict of a single amount for all Plaintiffs. I will divide the amount between the Plaintiffs.

**JURY INSTRUCTION NO. 28.**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 29.**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 30.**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.